UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 06-03-P-H** |
| | ) | **(Redacted Public Version)** |
| **MAXX NOBLE,** | ) | |
| | ) | |
| **Defendant** | ) | |

**ORDER OF REVOCATION AND DETENTION**

This matter came before me this date for a hearing on the government's Motion to Revoke Bail ("Motion") (Docket No. 32) pursuant to 18 U.S.C. § 3148. The defendant appeared with counsel. The government produced three witnesses and offered Exh. BR-1, which is an excerpt of the transcript of the hearing held before Judge Hornby on January 24, 2006 on the government's motion for review of the release order entered in the Middle District of Florida on January 13, 2006. The defendant presented no witnesses or other evidence.

The hearing evidence disclosed that, despite the condition contained in the release order entered by Judge Hornby on January 24, 2006 (Docket No. 23) ("Release Order") as paragraph 7(j) prohibiting the defendant from having any contact, direct or indirect, with any persons who are or who may become victims or potential witnesses in the investigation or prosecution of this case, including but not limited to **REDACTED** and **REDACTED**, and despite the defendant's awareness of this condition and of the specific mention therein of **REDACTED** and **REDACTED**, the defendant initiated a telephone call to and spoke with **REDACTED** and permitted himself to be in **REDACTED**' company at the defendant's grandmother's residence, where the defendant was then

1

living, for an extended period of time. On the basis of the hearing record, I find by clear and convincing evidence that the defendant has violated paragraph 7(j) of the Release Order.

The foregoing notwithstanding, the defendant seeks to be retained on release. However, it is apparent that, based on the nature and circumstances of the current violation and the travel of this case, he is unlikely to abide by any condition or combination of conditions of release, and I so find. Accordingly, I ***ORDER*** that the defendant's release be revoked and that he be detained pending the outcome of his trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated this 14th day of March, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge